# UNITED STATES DISTRICT COURT
for the
Eastern District of California

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

23526 Rosewood Road,
Auburn, California

)
)
)
)
)
)

Case No.

2 13- SW - 0 6 6 6 AC

**FILED**
OCT 0 9 2013
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

**SEE ATTACHMENT A**

located in the _____EASTERN_____ District of _____CALIFORNIA_____, there is now concealed *(identify the person or describe the property to be seized):*

**SEE ATTACHMENT B**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1); | Distribution, Manufacturing, and Possession with intent to distribute marijuana; |
| 21 U.S.C. § 846; | Conspiracy |
| 21 U.S.C. § 856 | Maintaining a Drug Involved Premises |

The application is based on these facts:

See Affidavit of Special Agent Erik W. Crowder in Support of Search Warrant

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Erik W. Crowder, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/9/13

*Judge's signature*

City and state: Sacramento, California          Hon. Allison Claire, U.S. Magistrate Judge
*Printed name and title*

## Affidavit of Special Agent Erik W. Crowder

I, Erik W. Crowder, being duly sworn, hereby depose and state:

## Purpose

1. This Affidavit is made in support of a rollover search warrant for a:

    a. 23526 Rosewood Road, Auburn, California (as further described in Attachment A).

    I believe there is probable cause to believe that this location contains evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. § 841(a)(1) (distribution, manufacturing, and possession with intent to distribute marijuana), 21 U.S.C. § 846 (conspiracy), and 21 U.S.C. § 856 (maintaining a drug-involved premises). The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

## Agent Background

2. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") since July 2002. I have received training in federal narcotics and firearms laws and regulations at the ATF National Academy and Federal Law Enforcement Criminal Investigator Training Program. I attended an eighty-hour California Department of Justice, Bureau of Narcotics Enforcement narcotics enforcement training program.

3. I have participated in at least thirty investigations targeting individuals and organizations trafficking and manufacturing marijuana and other controlled substances. During the course of these thirty investigations, I have become familiar with the manner in which drug traffickers conduct their illegal operations.

4. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

5. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This Affidavit is intended to show that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

1

## Statement of Probable Cause

### A. Execution of Federal Search Warrant

6. On October 9, 2013, law enforcement agents executed a federal search warrant (2:13-SW-00659-CKD) at 23526 Rosewood Road, Auburn, California, the residence of Craig Mason. During the course of executing this search warrant, law enforcement encountered an active marijuana growing and processing operation.

### B. Marijuana Growing and Processing Operation

7. At 23526 Rosewood Road, law enforcement agents discovered an outdoor marijuana grow consisting of twenty-four mature marijuana plants ranging in size from two-feet to seven-feet tall.

8. Agents spoke to property owner Craig Mason. Mason claimed that the marijuana grow belonged to a friend of his and that Mason was allowing the friend to grow marijuana on his property.

9. Near the grow, law enforcement observed one posted medical marijuana recommendation in the name of Michael John Modot. A law enforcement agent called and spoke to Modot on the telephone. Modot admitted that the marijuana grow belonged to him, but claimed to have only twenty plants on the property.

10. Inside of the garage attached to the main residence (Mason's residence), law enforcement encountered a marijuana processing operation. Marijuana was hanging on drying lines inside of the garage. In total, there were fifteen drying lines containing the equivalent of five pounds of processed marijuana. Also inside the garage were seven clippers, each with marijuana residue on them, and two digital scales. Inside of an ice chest found inside the garage, agents found three and a half pounds of processed marijuana in plastic bags. Next to the marijuana trimming materials was an ammunition reloading bench containing ammunition and various firearm parts. Agent observed that all of the items in the garage appeared to belong to Mason.

### C. Training and Experience

11. Based on the number of marijuana plants, the processing station within Mason's garage and the manner in which the processed marijuana was packaged, I believe that Mason and Modot are distributing marijuana.

12. Based on my above-summarized training and experience, and those of other law enforcement officers, I am aware that:

   a. Marijuana cultivators use an assortment of equipment to plant and maintain their product. This equipment includes, but is not limited to, irrigation devices, garden hoses, five gallon buckets, ground timing devices, electronic watering devices, aerators, PVC pipes, water storage devices, lights, timers, power cords, generators, shovels, rakes, pruning shears, hand-held sprayers, herbicides, starter pots, planter pots, grow pots, paper bags, burlap bags, plastic storage containers, books and magazines for growing marijuana, such as High Times, Marijuana Growers Guide, Sinsemilla Tips, Marijuana Potency, Marijuana Botany, and Marijuana.

   b. Marijuana cultivators also use an assortment of equipment for the use, storage, processing and packaging of marijuana, including rolling papers, cigarette packs, small medicine containers, glass and plastic vials, rolled up papers for holding seeds, sifters, scales, and other weighing devices, drying screens, pouches, backpacks, plastic storage containers, surveillance/monitoring devices, and alarm sensors. Marijuana cultivators will commonly package their product where it is produced and also at their living shelter on the property where the grow site is located. With respect to marijuana, this packaging could include, but is not limited to, the use of drying racks, trimming rooms/areas, scales to weigh the marijuana, plastic baggies, large plastic garbage bags, boxes, buckets, and heat sealers to package the marijuana for sale. This equipment is commonly kept on the property, including inside structures on the property near where the marijuana is kept or is being cultivated. Individuals involved in marijuana distribution often maintain paraphernalia for packaging, weighing, cutting, testing, distributing, and identifying strains of marijuana.

   c. Marijuana cultivators and traffickers will generally keep a supply of marijuana on hand for immediate sale. The drugs are commonly kept on their person and in locations associated with the traffickers, including in the home or living shelter or in the vehicles of, or used by, the cultivators. Cultivators will often hide their supply of marijuana in garages, vehicles, outbuildings, storage areas, and/or sheds associated with or near their residence and/or cultivation facility, or in yard areas surrounding such premises, otherwise attempting to conceal its presence.

   d. Marijuana cultivators often use vehicles to transport marijuana, equipment, and supplies for the cultivation and distribution of marijuana to and from the cultivation facility, as well as to and from the conspirators' residences, including

3

their garages and outbuildings, such as sheds or barns. The conspirators use their vehicles, as well as the vehicles of their friends and associates, for such transportation. Their vehicles are also a source for storage of marijuana and/or cash proceeds from the sales.

e. The parcels of property on which marijuana cultivators maintain cultivation facilities are often listed under fictitious names instead of the true names of the cultivators. Conspirators in marijuana cultivation who have multiple cultivation facilities typically keep evidence of the location and ownership of such property at the cultivation sites (including inside buildings or other outlying structures on the sites), on their persons, in vehicles, or at their residences, including personal letters and notes, phone bills, loan payment receipts, utility bills, rental agreements and documents, deeds, canceled mail, canceled checks, envelopes, keys, photographs, audio and video tapes, property tax records, escrow paperwork, assessor's information, topographical maps, parcel maps, payment records and receipts for method of payment, and other indicia of occupancy, residency, control, or ownership of the premises and things described in this warrant.

f. Marijuana cultivators often maintain at their residence personal records and ledgers evidencing their activities in order to keep track of the ordering, purchasing, storage, distribution, and transportation of marijuana. Even after the marijuana is cultivated and sold, documentary records and ledgers often remain for long periods of time to memorialize past transactions, the status of accounts receivable and accounts payable, and the names and telephone numbers of suppliers, customers and co-conspirators. These records are often maintained not only on paper, but also as computer data in the form of computer hardware and software.

g. Marijuana cultivators earn sums of money and often try to legitimize these profits. In order to do this, they attempt to secrete, transfer, and conceal the money by, (among other methods): (a) placing assets in names other than their own name to avoid detection while maintaining control; (b) laundering the money through what appear to be a legitimate business or businesses; (c) hiding the money in their homes, safes, and safety deposit boxes; or (d) using the money to buy assets which are hard to trace by law enforcement. Records of these transactions are often found at their residence, in their vehicles, and on their persons.

h. Marijuana cultivators often maintain large amounts of U.S. currency on hand in order to finance their ongoing drug business. In addition, other assets generated

4

by their drug business, or purchased with cash earned, such as precious metals and stones, and jewelry, are typically kept by marijuana cultivators at their residence, in their vehicles, and on their persons to avoid detection by authorities.

i. Marijuana cultivators often maintain weapons, firearms, and ammunition on their person or at their residences and in their automobiles in order to protect themselves and guard their drugs and drug profits. These weapons and firearms are used and can be used as an instrumentality of the object of their crimes.

j. Marijuana cultivators often take, or cause to be taken, photographs of themselves, their associates, their property, and their marijuana plants, and usually maintain these photographs in their possession.

k. Premises used by marijuana cultivators usually contain articles of personal property evidencing the identity of persons occupying, possessing, residing in, owning, frequenting or controlling the premises.

l. Marijuana cultivators often conceal evidence of their criminal activities in vehicles outside their residence in order to prevent detection and seizure by officers conducting search warrants at the residence.

m. Your affiant has learned that those involved in the growing and distributing of marijuana use mobile telephones to communicate with customers, suppliers, co-conspirators. Mobile telephones preserve in their memory a history of incoming, outgoing, and missed calls, which can lead to evidence of the telephone numbers of other co-conspirators and the dates and times that they and/or the mobile telephone user dialed one another's telephones. Mobile telephones also contain in their memory a telephone book. This allows the user to store telephone numbers and other contact information. The information stored in a telephone used by a marijuana cultivator is evidence of the associations of the marijuana cultivator, some of which are related to his or her illegal business. Mobile telephones also contain in their memory text messages sent, received, and drafted by the mobile telephone user. The text message history of a marijuana cultivator's mobile telephone can contain evidence of their illegal activities because it shows the communications or planned communications of a marijuana cultivator and the telephone numbers of those with whom the marijuana cultivator communicated or intended to communicate. Mobile telephones also have a voicemail function that allows callers to leave messages when the telephone user does not answer. Mobile telephones can also contain other user-entered data files such as "to-do" lists, which can provide evidence of crimes. Mobile telephones can also contain

5

photographic data files, which can contain evidence of criminal activity; for example, where the user is a marijuana cultivator who took pictures of his/her plants and/or grow site. Mobile telephone companies also store the data described in this paragraph on their own servers and associate the data with particular users' mobile telephones.

n. Often, the method of distribution generates records of events as well. These records can be in the form of bills of lading, contracts, air waybills, delivery receipts, billings, manifests, log books, fuel receipts, motel/hotel receipts, travel records, credit card charges and other related business documents.

## Conclusion

13. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, proceeds, or instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 846, and 856 are concealed at the residence described in Attachment A. Accordingly, I respectfully request the issuance of a search warrant authorizing the search the residence described in the Attachment A and the seizure of the items described in Attachment B.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

ERIK W. CROWDER
ATF Special Agent

Sworn and Subscribed to me on October 9, 2013,

Hon. ALLISON CLAIRE
United States Magistrate Judge

Approved as to form:

JUSTIN L. LEE
Assistant United States Attorney

## ATTACHMENT A

### Description of the Location to be Searched

23526 Rosewood Road, Auburn, California.





23526 Rosewood Road, Auburn, California, located on the north side of Rosewood Road, consists of two separate two-story buildings on the premise.

7

   a. Two-story, warehouse style building that is painted tan in color with green trim. Has a single car, garage-door style access.
   b. Two-story, residential style building with two attached single car garages that is painted tan in color with green trim.

The premise is surrounded with a black iron-wrought fence. The main entrance facing Rosewood Road consists of an automatic gate attached to stone pillars. A sign with the number "23526" is placed by the main gated entrance. A "private property" sign is also placed near the main entrance.

The search of this location shall also include all rooms, annexes, attics, basements, garages, carports, outside yard, curtilage, mailboxes, trash containers, debris boxes, storage lockers and areas, cabinets, sheds and outbuildings associated with the premises and shall extend into desks, safes, briefcases, purses, trash receptacles, ~~electronic storage devices~~, and other storage locations within the premises in which items in Attachment B may be found.

## ATTACHMENT B

*List of Items to be Seized*

The following items constitute evidence, fruits, proceeds, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1), 846, and 856.

1. Controlled substances, including marijuana in various forms, including growing plants, harvested plants, stalks, root balls, or drying, dried or processed marijuana, marijuana seeds and or marijuana plant clones or other drugs the possession and distribution of which is prohibited by federal law. Law enforcement agents will photograph all seized marijuana, retain representative samples, and destroy all other marijuana.

2. Items associated with and used for storage, transportation, processing, protection or distribution of marijuana, such as:

    a. Baggies, rolling papers, cigarette packs, small medicine containers, glass and plastic vials, rolled up papers for holding seeds, sifters, scales and other weighing devices, compression devices, drying screens, paper bags, pouches, burlap bags, plastic storage containers, boxes, chests, coolers, storage trailers, together with the receipts for these items;

    b. Handguns, shotguns, rifles, and other firearms and ammunition that may be used to facilitate the distribution, possession or protection of marijuana and controlled substances; as well as any other illegal or prohibited weapon commonly used by individuals to facilitate trafficking or to protect their cache of controlled substance or offensively used against peace officers serving a warrant;

3. Items tending to identify the location where controlled substances and other evidence of narcotics trafficking may be found, to include records and keys for vehicles, storage facilities, residences, businesses, post office boxes and safe deposit boxes/

4. United States and foreign currency in excess of $2,000.

5. Items tending to establish the purchase and sale of controlled substances, to include buyer's lists, seller's lists, pay-owe sheets, ledgers of transactions, codes, notation logs, receipts, journals, books, supplier lists, correspondence, records and other documents noting the price, quantity, date and/or times when narcotics were propagated, purchased, possessed, transferred, distributed, sold or concealed;

6. Items of occupancy, residency or ownership tending to establish the identity of persons in control of the premises being searched, to include rent receipts, utility bills, check books, bank account records, addressed envelopes, passports, Identification cards, driver's licenses, residence keys, vehicle registrations, videos, exposed film and photographs;

7. Records, items, and documents reflecting travel including airline tickets, credit card receipts, itinerary, reservation confirmation, travel vouchers, hotel and restaurant receipts, canceled checks, maps and written directions to locations;

8. Items evidencing the shipment and receipt of parcels through common carriers, such as the U.S. Postal Service, Federal Express, DHL, YRC, UPS and others, including shipping confirmation receipts, address labels, envelopes, boxes, shipping printouts, receipts for payment, documents containing tracking or tracing numbers, certified and registered shipping receipts;

9. Photographs, negatives, video tapes, films, audio tapes, undeveloped film and the contents therein, and slides depicting the subjects of the investigation and their criminal associates, their assets and/or controlled dangerous substances;

10. Personal calendars, diaries, address and/or telephone books and listings, rolodex indices and papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers and/or telex numbers, telephone bills, cellular telephones, correspondence of the subjects of the investigation and their criminal associates, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

11. Telephone paging devices, beepers, mobile phones, car phones, answering machines and tapes, and other communication devices which evidence participation in a conspiracy to distribute controlled substances. It is common that downloading the information stored within a cellular telephone can take time. It is requested that law enforcement personnel are able to download this information, after the execution of the search warrant, within a reasonable amount of time, for further investigative leads. The telephone data is further described as:

    - Incoming call history;
    - Outgoing call history;
    - Missed call history;
    - Outgoing text messages;
    - Incoming text messages;
    - Draft text messages;
    - Telephone book;
    - Data screen or file identifying the telephone number associated with the mobile telephone searched;
    - Data screen, file, or writing containing serial numbers or other information to identify the mobile telephone searched;
    - Voicemail;
    - User-entered messages (such as to-do lists);
    - Photographs;
    - Any passwords used to access the electronic data described above.

Attachment B

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched or identify the person by name and address)*<br><br>23526 Rosewood Road,<br>Auburn, California | )<br>)<br>)  Case No.<br>)<br>)  2 13- SW - 0 6 6 6<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____EASTERN____ District of ____CALIFORNIA____
*(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before ____October 18, 2013____
    *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__Hon. Allison Claire or duty magistrate judge__     .
                *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
                                                    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __10/9/13  11:32__           ___[signature]___
                                                        *Judge's signature*

City and state:   __Sacramento, California__        __Hon. Allison Claire, U.S. Magistrate Judge__
                                                        *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to, and returned before me this date. _____
*Signature of Judge*    *Date*